1
2
3
4
5
6
7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHRISTOPHER LIPSEY, JR.,                    No.  2:18-cv-0033 AC P

12                    Plaintiff,

13           v.                                   ORDER

14    L. MAHAKIAN, et al.,

15                    Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983;

18   Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132; and state law.  He has

19   also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

20          I.      Application to Proceed In Forma Pauperis

21          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22   § 1915(a).  ECF Nos. 2, 6.  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3    § 1915(b)(2).

4          II.      Statutory Screening of Prisoner Complaints

5          The court is required to screen complaints brought by prisoners seeking relief against a

6    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

8    "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

9    monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

10         A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

13   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

14   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

15   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

16   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

17   Franklin, 745 F.2d at 1227-28 (citations omitted).

18         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

19   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

20   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

21   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

23   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

24   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

25   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

26   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

27   speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

28   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

2

1   cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

3          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4   relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

5   Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

6   content that allows the court to draw the reasonable inference that the defendant is liable for the

7   misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

8   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

9   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the

10  light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

11  McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

12         III.    Complaint

13         The complaint names twenty-five individual defendants, as well as the California

14  Department of Corrections and Rehabilitation (CDCR), the State of California, and the city of

15  Represa, and alleges that they violated his rights under the Eighth and Fourteenth Amendments,

16  the ADA, and state law. ECF No. 1 at 3, 5-11. Plaintiff alleges that he suffers from multiple

17  mental health disabilities and is currently at the correctional case management system (CCCMS)

18  level of care, though he was previously at the enhanced outpatient (EOP) level of care, which

19  offers more services, programs, and activities than the CCCMS level. Id. at 8. He was dropped

20  to the CCCMS level after he stopped attending various group programs[1] because he was required

21  to walk with ankle cuffs, which cut into his heels, causing them to bleed. Id.

22         Plaintiff alleges that before he was moved to the CCCMS level he told defendant

23  Mahakian, who then informed defendants Pleshchuk, Aguilar, Caoile, Dietrich, Manness, Rocke,

24  Williams, Craig, and Smith, that "he wouldn't leave until he's heard on his appeal." Id. at 9.

25  Despite his ongoing appeal, defendant Stabbe removed him to the CCCMS level and defendant

26  Lewis finalized the action. Id. Defendant Smith then refused to allow plaintiff to go to group

27  

28  [1] Plaintiff identifies the groups as anger management, critical thinking, creative writing, creative
    expression, current events, and parenting self-study. ECF No. 1 at 8.

programming without ankle cuffs, even though some inmates were allowed to do so for medical or safety purposes.  Id.  Plaintiff claims that this was a result of the unnamed defendant warden failing to properly train his subordinates and that defendants Martinchek, Cross, and the City of Represa had a duty to make sure inmates with mental health conditions were not singled out because of their disabilities.  Id.

Plaintiff further claims that defendants Forsterer, Hronek, Sahota, Klingenberger, Beatty, and Rohall were part of the reasonable accommodation panel that denied his ADA request, resulting in his level of care being reduced due to his disability.  Id. at 10.  It appears the request was based on his claim that the ankle cuffs were cutting his ankles.  Id.  Finally, plaintiff alleges that as part of the appeals process defendant Raetz failed to arrange a safe and secure way for plaintiff to go to group programs and defendants Baughman, Kernan, and the State of California also failed to assist him.  Id. at 11.

IV.     Failure to State a Claim

A.     Americans with Disabilities Act

To state a claim under Title II of the ADA, the plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002)); Weinreich v. Los Angeles Cnty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (citations omitted).  "[I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity."  United States v. Georgia, 546 U.S. 151, 159 (2006) (emphasis in original).  The Supreme Court has held that Title II of the ADA applies to state prisons.  Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 209-10 (1998).  Compensatory damages are available under the ADA where the failure to

4

1  accommodate is the result of intentional discrimination.  Duvall v. County of Kitsap, 260 F.3d

2  1124, 1138 (9th Cir. 2001).

3         As an initial matter, plaintiff cannot bring claims under the ADA against defendants in

4  their individual capacities, and to the extent he is attempting to do so, he fails to state a claim.

5  Stewart v. Unknown Parties, 483 F. App'x 374, 374 (9th Cir. 2012) (citing Lovell v. Chander,

6  303 F.3d 1039, 1052 (9th Cir. 2002)); see also Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn,

7  280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation

8  Act provides for individual capacity suits against state officials." (citations omitted)).  If plaintiff

9  is attempting to bring individual capacity ADA claims under § 1983, he also fails to state a claim.

10  Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action

11  under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights

12  created by Title II of the ADA.")).

13         To the extent plaintiff is attempting to bring official capacity ADA claims, it appears these

14  claims are redundant.  Although a plaintiff may pursue ADA claims against defendants in their

15  official capacities, "[w]hen both a municipal officer and a local government entity are named, and

16  the officer is named only in an official capacity, the court may dismiss the officer as a redundant

17  defendant."  Center for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't, 533 F.3d 780,

18  799 (9th Cir. 2008).  This reasoning applies equally to state entities and their officers.  See

19  Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . generally represent

20  only another way of pleading an action against an entity of which an officer is an agent." (citation

21  and internal quotation marks omitted)).  Thus, because plaintiff has named the CDCR and the

22  State as defendants, any official capacity ADA claims against any individual defendants are

23  redundant.

24         Plaintiff's ADA claims also fail because he has not alleged facts showing that he was

25  discriminated against because of a disability.  Although plaintiff asserts that he has mental health

26  conditions that would qualify as disabilities, he alleges that his treatment level was reduced

27  because he was not going to group programming because the ankle cuffs were causing him injury.

28  This does not demonstrate that plaintiff was discriminated against because of his disability.  Nor

1    does the denial of his request to be allowed to go to group programs without ankle cuffs or the

2    reduction in his level of care demonstrate a failure to accommodate his disability.  Plaintiff does

3    not identify or allege that he had any physical disability that would require an accommodation in

4    how he was cuffed, and the reduction in his level of care is an issue of the adequacy of his

5    treatment, which does not state a claim under the ADA.  Simmons v. Navajo County, 609 F.3d

6    1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not

7    inadequate treatment for disability." (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir.

8    1996))); see also Bryant, 84 F.3d at 249 ("[T]he Act would not be violated by a prison's simply

9    failing to attend to the medical needs of its disabled prisoners. . . . The ADA does not create a

10   remedy for medical malpractice.").  Accordingly, plaintiff has failed to state a claim for relief

11   under the ADA.

12           B.  Eighth Amendment

13           "[A] prison official violates the Eighth Amendment only when two requirements are met.

14   First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or

15   omission must result in the denial of the minimal civilized measure of life's necessities."  Farmer

16   v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted).  Second,

17   the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate

18   indifference to inmate health or safety."  Id. (internal quotation marks and citations omitted).  The

19   official is not liable under the Eighth Amendment unless he "knows of and disregards an

20   excessive risk to inmate health or safety."  Id. at 837.  Then he must fail to take reasonable

21   measures to lessen the substantial risk of serious harm.  Id. at 847.  Negligent failure to protect an

22   inmate from harm is not actionable under § 1983.  Id. at 835.

23           "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

24   must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091,

25   1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff

26   to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition

27   could result in further significant injury or the unnecessary and wanton infliction of pain,'" and

28   (2) "the defendant's response to the need was deliberately indifferent."  Id. (some internal

1   quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

2        Deliberate indifference is established only where the defendant *subjectively* "knows of and

3   disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057

4   (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).  Deliberate

5   indifference can be established "by showing (a) a purposeful act or failure to respond to a

6   prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d

7   at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high

8   risk of harm that is either known or so obvious that it should be known") is insufficient to

9   establish an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5

10  (1994) (citations omitted).

11       Plaintiff appears to be attempting to bring Eighth Amendment claims based on the

12  reduction of his treatment level from EOP to CCCMS and the use of ankle cuffs during his

13  transport to group programming.  However, while plaintiff makes allegations against each of the

14  defendants, none of the allegations show that any defendant both knew of a risk to his health or

15  safety and then ignored that risk.  Furthermore, while plaintiff appears to allege that his rights

16  were violated by the reduction in his treatment level, he does not identify the injury he suffered as

17  a result of the reduction.

18            C.  Fourteenth Amendment

19       Although plaintiff cites the Fourteenth Amendment, it is unclear what kind of violation he

20  is attempting to allege.  However, in light of his ADA claim, the court infers that plaintiff is

21  attempting to make an equal protection claim.  The Fourteenth Amendment's Equal Protection

22  Clause requires the State to treat all similarly situated people equally.  City of Cleburne v.

23  Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted).  "To state a claim for violation

24  of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or

25  purpose to discriminate against him based upon his membership in a protected class." Serrano v.

26  Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194

27  (9th Cir. 1998)).  Alternatively, a plaintiff may state an equal protection claim if he shows

28  similarly situated individuals were intentionally treated differently without a rational relationship

7

1  to a legitimate government purpose.  Vill of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)

2  (citations omitted).

3          "'[T]he disabled do not constitute a suspect class' for equal protection purposes," Lee v.

4  City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001) (quoting Does 1-5 v. Chandler, 83 F.3d

5  1150, 1155 (9th Cir. 1996)), and plaintiff does not allege facts sufficient to show that the

6  disparate treatment he received was not rationally related to a legitimate state interest.  Although

7  he asserts that other inmates were permitted to go to group programming without wearing ankle

8  cuffs, he also states that those allowances were due to medical and safety concerns and does not

9  allege that similar concerns existed in his case.  None of the facts indicate that plaintiff was

10 treated differently because of his disability without a legitimate reason and he therefore fails to

11 state an equal protection claim.

12          D.  CDCR and the State of California

13         Plaintiff has identified the CDCR and the State of California as defendants.  ECF No. 1 at

14 7.  With the exception of any ADA claims that allege conduct that actually violates the Fourteenth

15 Amendment, any claims against the CDCR and the State are barred by sovereign immunity.

16 "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens."

17 Edelman v. Jordan, 415 U.S. 651, 662-63 (1974) (citations omitted).  "Will [v. Mich. Dept. of

18 State Police, 491 U.S. 58 (1989)] establishes that the State and arms of the State, which have

19 traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in

20 either federal court or state court."  Howlett v. Rose, 496 U.S. 356, 365 (1990).  Accordingly,

21 with the exception of the ADA claims, all claims against the State, and the CDCR as an arm of

22 the state, are barred and fail to state a claim for relief.

23          E.  City of Represa

24         Although the complaint names the City of Represa as a defendant, it does not state a basis

25 for naming the city as a party to this action given that plaintiff was a state prisoner in state

26 custody at the time of the events in question.  Because plaintiff has not described how the city is

27 responsible for his conditions of confinement in a state prison, his claims against the city fail.

28 ////

8

1    F.   State Law Claims

2        Under California law, the timely presentation of a claim under the Government Claims

3    Act is a condition precedent to maintaining an action against the state and therefore is an element

4    of the cause of action that must be pled in the complaint.   State v. Superior Court (Bodde), 32 Cal.

5    4th 1234, 1240, 1237 (2004).

6        A plaintiff seeking to bring a lawsuit for money or damages against the state[2] for injury

7    must first submit a claim to the California Victim Compensation and Government Claims Board

8    ("Claims Board") within six months after accrual of the cause of action.  Cal. Gov't Code

9    §§ 905.2; 911.2.  Claims "relating to any other cause of action" must be brought within one year

10   of accrual of the cause of action.  Cal. Gov't Code § 911.2(a).  A claim against a public

11   employee[3] or former public employee is not required to be presented prior to filing an action

12   against the employee if the alleged injury resulted from an act or omission in the scope of the

13   defendant's employment as a public employee.  Cal. Gov't Code § 950.  However, a cause of

14   action against the employee cannot be maintained if an action for the injury would be barred

15   against the employing public entity for failure to comply with the notice of claim requirements.

16   Cal. Gov't Code § 950.2.  In other words, a plaintiff must submit a timely notice of claim to the

17   Claims Board before he can bring suit against a state employee.

18       To the extent it appears that plaintiff is attempting to bring claims under the Bane Act or

19   any other state laws, he has not alleged compliance with the Government Claims Act and his state

20   law claims therefore fail.

21   V.    Leave to Amend

22       If plaintiff chooses to file a first amended complaint, he must demonstrate how the

23   conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo

24   v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how

25

26   [2] "State" is defined as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller."  Cal. Gov't Code § 900.6.

27   [3] A "public employee" is an employee of a "public entity," which includes the State.  Cal. Gov't Code §§ 811.2, 811.4.

28

9

1  each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th

2  Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

3  or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

4  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

5  participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

6  268 (9th Cir. 1982) (citations omitted).

7       Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

8  his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

9  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

10  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

11  1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

12  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

13  in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended

14  complaint, the original complaint no longer serves any function in the case.  Therefore, in an

15  amended complaint, as in an original complaint, each claim and the involvement of each

16  defendant must be sufficiently alleged.

17       VI.    Plain Language Summary of this Order for a Pro Se Litigant

18       Your request to proceed in forma pauperis is granted and you are not required to pay the

19  entire filing fee immediately.

20       The complaint will not be served because the facts you have alleged are not enough to

21  state a claim for relief.  You have not shown that you were discriminated against because of your

22  disability, and you also have not alleged facts showing that any defendant both knew about a risk

23  to your health or safety and then ignored that risk.

24       Rather than recommending your case be dismissed, the magistrate judge is giving you the

25  opportunity to amend your complaint.  If you choose to do so, the first amended complaint must

26  include all of the claims you want to make because the court will not look at the claims or

27  information in the original complaint.  **Any claims and information not in the first amended**

28  **complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis, ECF Nos. 2, 6, is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4.  Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: January 14, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11